IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 10 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02636-BNB

SHANE BURDEN,

    Plaintiff,

v.

R. WOOD, # 20883, Under Color of Law Offical [sic] Capacity,
C. HEMPELMAN, # 20985, Under Color of Law Offical [sic] Capacity,
B. VONFELDT, # 884, Under Color of Law Offical [sic] Capacity, and
ATTORNEY GENRAL [sic], Under State Law Offical [sic] Capacity,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff Shane Burden is a prisoner in the custody of the Colorado Department of Corrections (DOC), who currently is incarcerated at the Huerfano County Correctional Center in Walsenburg, Colorado. He initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983. Mr. Burden has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

The Court must construe the Complaint liberally, because Mr. Burden is a *pro se* litigant. **See** *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See** *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Burden will be ordered to file an Amended Complaint.

The Court finds that Plaintiff's allegations fail to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a

complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Burden's claims for the most part are vague and incomprehensible. The Complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2). The Court will attempt, however, to summarize Mr. Burden's claims. Plaintiff appears to assert (1) that he was subject to a criminal assault, (2) that he was intimidated and taunted, (3) that individuals conspired to harm him, (4) that false records were entered against him by Defendant B. Vonfeldt in an Adams County case, (5) that his Sixth Amendment rights were violated in his state criminal proceeding, and (6) that docket entries are missing in a prior case that

he had filed in this Court.

With respect to Claim One regarding Plaintiff's criminal assault allegation, the Court has examined the Court Docket and finds that to the extent Mr. Burden is asserting a criminal assault claim against Defendant R. Wood in this action, the claim is repetitive of the claim he asserted in *Burden v. Wood*, No. 04-cv-02300-WYD-PAC (D. Colo. Nov. 1, 2005). The Court dismissed Case No. 04-cv-02300, because Mr. Wood was entitled to qualified immunity. The Court explained in Case No. 04-cv-02300 that Mr. Burden's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and that Mr. Burden did not meet his burden of showing that the conduct he complained of violated his constitutional or statutory rights. Nevertheless, Mr. Burden chose to reassert the same claim in the instant action a little less than two months later without again asserting that he no longer is barred under *Heck*. Under these circumstances, the Court finds that the claims against Defendant Wood are frivolous and malicious.

In Claim Two, for the most part, Plaintiff asserts a claim of harassment against Defendant C. Hempelman. Plaintiff's verbal harassment and gestures claim against Defendant Hempelman lack merit. Verbal harassment and threats, without more, do not state an arguable constitutional claim. *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992); *Cumbey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982) (per curiam); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam).

As for Claim Three, Mr. Burden fails to allege how any of the named Defendants were responsible in a conspiracy to harm him. Plaintiff must assert each Defendant's personal participation in the alleged constitutional violations. Personal participation is

an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as the Attorney General, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Claims Four and Five appear to involve activities that took place during Plaintiff's criminal proceedings. To the extent that the claims state a constitutional violation, they are barred by *Heck*.

Finally, Claim Six addresses concerns that should have been raised in Plaintiff's previous case against Mr. Wood.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). To the extent that Plaintiff may state a constitutional violation by Defendants but fails to meet the requirements of Fed. R. Civ. P. 8, the Court will allow Mr. Burden the opportunity to file an Amended Complaint. He will be directed to do so below. Accordingly, it is

ORDERED that Mr. Burden file **within thirty days from the date of this Order**

an original and a copy of an Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this Order. It is

FURTHER ORDERED that the Amended Complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Burden, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that Mr. Burden submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Burden fails to file an original and sufficient copies of an Amended Complaint that complies with this Order within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED March 10, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02636-BNB

Shane Burden
Prisoner No. 62763
Huerfano County Corr. Center
304 Ray Sandoval Street
Walsenburg, CO 81089

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on  3-10-06

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk